**Jason Latrell THOMAS, Petitioner–Appellant,**

v.

**Joe McGRATH, Respondent–Appellee.**

**No. 07–55449.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2009.*

Filed May 18, 2009.

*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Jason Latrell Thomas, Corcoran, CA, pro se.

Holly A. Hoffman, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

Jason Thomas appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for first degree murder and attempted robbery, with the special circumstance that the murder was committed while engaged in the attempted robbery. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *See DeWeaver v. Runnels,* 556 F.3d 995, 997 (9th Cir.2009). We affirm.

■ The district court correctly ruled that the state courts did not unreasonably apply Supreme Court precedent in denying Thomas's ineffective assistance of counsel claim. Thomas's offer of proof, unsupported by any affidavits, provides insufficient evidence as to each witness's potential testimony. *See Dows v. Wood,* 211 F.3d 480, 486 (9th Cir.2000). Thomas never stated whether Psycho Mike would have been available and willing to testify. *See id.* Tina and Hector's accounts of the events was fairly known to defense counsel, and Thomas only speculates that they would have provided further useful information. *See Bragg v. Galaza,* 242 F.3d 1082, 1088 (9th Cir.2001). Kiki and Tranise's proposed testimony is also inconsistent with the record and speculative. *See Gonzalez v. Knowles,* 515 F.3d 1006, 1015–16 (9th Cir.2008). Joshua Bonilla's account was fairly known to the lawyer, and it mirrored William Owens' testimony which *was* presented at trial and corroborated by other witnesses, but failed to change the result. *See Babbitt v. Calderon,* 151 F.3d 1170, 1174 (9th Cir.1998) (holding that it is not unreasonable for counsel not to pursue cumulative testimony). Yvonna Martin's proposed testimony would not have raised doubt sufficient to undermine confidence in the outcome, because Rodney Martin's failure to mention problems with anyone does not mean that an attempted carjacking never occurred. *See Gonzalez,* 515 F.3d at 1015–16.

■ Thomas failed to raise a colorable claim for relief because his allegations were speculative and, even if proven, would not demonstrate prejudice. The district court therefore did not abuse its discretion when it denied Thomas's request for an evidentiary hearing. *See id.* at 1014–15.

AFFIRMED.

■

---

** This disposition is not appropriate for publication and *is not precedent except as provid-* ed by 9th Cir. R. 36–3.